*Liberty Synergistics Inc. v. Microflo LTD*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
>
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

---

LIBERTY SYNERGISTICS INC., a California Corporation,

> *Plaintiff-Counter Defendant-Appellee*,

v.                                                                                          No. 14-3937

MICROFLO LTD, EDWARD MALKIN, ECOTECH LIMITED, a Cayman Islands Company

> *Defendants-Counter Claimants-Appellants*.

---

For Plaintiff-Counter Defendant-Appellee:      TRACY GRAVES WOLF, Lewis Brisbois Bisgaard & Smith LLP, Dallas, TX (Peter T. Shapiro, Lewis Brisbois Bisgaard & Smith LLP, Dallas, TX, and Harold A. Ducote, Jr.,

Ducote Law Corp., P.C., Indianapolis, IN, *on the brief*).

For Defendants-Counter Claimants-Appellants: DENNIS H. SABOURIN (Eugenie F. Temmler, *on the brief*), Rabner Allcom Baumgart & Ben-Asher, P.C., Upper Montclair, NJ.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Defendants-Counter Claimants-Appellants Microflo LTD, Edward Malkin, and Ecotech Limited (the "Microflo defendants") appeal the September 25, 2014 decision of the United States District Court for the Eastern District of New York (Brodie, *J.*) denying their motion to strike Plaintiff-Counter Defendant-Appellee Liberty Synergistics Inc.'s ("Liberty") complaint under California's anti-Strategic Lawsuit Against Public Participation ("SLAPP") statute, Cal. Civ. Proc. Code § 425.16. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

California's anti-SLAPP statute allows a defendant to strike a plaintiff's complaint if the defendant can show that the plaintiff brought suit in response to the defendant's conduct in furtherance of its rights of petition or free speech and the plaintiff fails to show a probability of success on the merits of its claim. *See* Cal. Civ. Proc. Code § 425.16(b)(1). Applying this statute to Liberty's claim for malicious prosecution, the district court denied the Microflo defendants' motion because it concluded that Liberty had shown a probability of success on the merits. Microflo appealed that denial under the collateral order doctrine, which requires that the appealed order must (1) conclusively determine the disputed question, (2) resolve an important

2

issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *See, e.g.*, *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 146 (2d Cir. 2013). Unlike the earlier appeal in this case, the Microflo defendants' present appeal fails under the second requirement: Our review is not completely separate from the merits of the action as it will require us to examine Liberty's allegations and the parties' competing evidence. *See Ernst v. Carrigan*, No. 14-3925-cv(L), 2016 U.S. App. LEXIS 3024, at *14–16 (2d Cir. Feb. 22, 2016).[1] Accordingly, we lack appellate jurisdiction to hear this appeal.

For the reasons stated herein, the appeal is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[1] As in *Ernst*, "[b]ecause we conclude that we lack appellate jurisdiction, we do not reach the issue of whether [California's] anti-SLAPP statute is applicable in federal court." 2016 U.S. App. LEXIS 3024, at *8 n.1 (*comparing Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333–37 (D.C. Cir. 2015), *with U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999)); *see also Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1181–84 (9th Cir. 2013) (Wardlaw and Callahan, JJ., concurring in denial of rehearing *en banc*); *id.* at 1188–90 (Watford, J., dissenting from the denial of rehearing *en banc*). We further note that, despite the district court's and the parties' apparent assumption that our decision in the prior appeal of this case answered this question in the affirmative, our prior decision expressly declined to reach it. *See Liberty Synergistics*, 718 F.3d at 153 ("In sum, if state conflict-of-law principles call for a rule of decision (1) that would apply to the suit if it were brought in state court, (2) that is 'substantive' within the meaning [o]f *Erie*, and (3) that is not displaced by a valid federal law or rule governing the same issue, then the Rules of Decision Act . . . requires the federal court sitting in diversity to apply the state rule, irrespective of whether that rule is understood to be 'procedural' or 'substantive' as a matter of state law. We address below the *first* of these issues, which is the *only one* contested by the parties." (emphasis added)).

3